# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA DALI BADGETT,<br>Plaintiff<br><br>v.<br><br>SHEFFIELD LABORATORIES,<br>DIVISION OF FARIA LIMITED LLC,<br>Defendant. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>June 24, 2009 |

## COMPLAINT

I.   JURISDICTION AND VENUE

1.   This case is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §46a-60, *et seq.*

2.   Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331 and 1343. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367, in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.   Venue in this district is appropriate pursuant to 28 U.S.C. §1391, because this is the judicial district in which the plaintiff resides and in which the cause of action arose.

## II. PARTIES AND ADMINISTRATIVE PREREQUISITES

4. The plaintiff, Maria Dali Badgett, (hereinafter "plaintiff" or "Badgett") is a citizen of the United States, actually residing in Norwich, Connecticut. At all times relevant to this Complaint, she was an employee of defendant Sheffield Laboratories, Division of Faria Limited LLC (hereinafter "defendant" or "Sheffield Laboratories").

5. The plaintiff is female.

6. Defendant is a Connecticut corporation with an office and place of business located at 170 Broad Street, New London, Connecticut 06320.

7. Defendant, Sheffield Laboratories, is an employer as that term is defined pursuant to 42 U.S.C. §2000e-(b) and CGS §46a-51(10).

8. Defendant, Sheffield Laboratories, employs more than 100 employees.

9. On or about September 2, 2008, the plaintiff filed administrative charges with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), Case No.0940075, and the Equal Employment Opportunities Commission ("EEOC"), Case No.16A200801675, against defendant Sheffield Laboratories, alleging hostile work environment on the basis of sex and retaliation for opposing discrimination.

10. On June 1, 2009, the plaintiff received a right to sue from the EEOC. On April 9, 2009, the plaintiff received a release of jurisdiction from the CHRO.

11. The plaintiff has fulfilled all administrative prerequisites necessary to maintain this action.

## III.   FACTS

12.   The plaintiff began working at Sheffield Laboratories in October 2007.

13.   At the time of her separation from employment on July 7, 2008, the plaintiff was a Reconciliator/Inspector in the Quality Control Department. The plaintiff's immediate supervisor was Jim Turner. Turner reported to Anthony Sollima, Quality Control Manager, who reported to Ana de Olivera, Vice President of Sales & Operations.

14.   The plaintiff was given a favorable evaluation and a 32-cent per hour increase in June, shortly before her discharge. At that time, Sollima told the plaintiff that she had "definitely proven" herself.

15.   Sexual comments and behavior at work are pervasive at Sheffield Laboratories.

16.   The plaintiff repeatedly informed her co-workers that she did not want to be touched and that she did not want to engage in discussions about her sex life. Notwithstanding her protests, the plaintiff's male coworkers continued to touch the plaintiff and to attempt to engage the plaintiff in explicit discussions about her sex life.

17.   During the plaintiff's employment, numerous coworkers, including at least one manager, touched the plaintiff without her consent and also made sexually explicit comments to the plaintiff, including asking the plaintiff about her genitals and her sex life.

18.   At least one incident occurred in front of the defendant's Human Resources Representatives, Christine LeCourier and Denise Whitfield.

19. When the plaintiff told a company manager, Dave Gowzinski, that he did not have a reason to touch her and that he should stop touching her, Gowzinski responded that he could touch her because, "I'm a manager." Gowzinski often would roll his chair back from his desk and touch the plaintiff when she walked by, including on at least one occasion grabbing the plaintiff's hips and pulling her toward him from a seated position.

20. On or about June 23, 2008, during break, the plaintiff was sitting at a picnic table with several coworkers. Two human resources managers, Christine LeCourier and Denise Whitfield, were sitting at another table a couple of feet away. One of the plaintiff's coworkers stated to the other people at her table in a taunting manner that the plaintiff did not like to be touched, and then leaned over and touched the plaintiff. The plaintiff responded in a loud voice: "Don't you get it? Do not touch me!"

21. The following day, on or about June 24, 2008, the plaintiff asked to speak privately with her immediate supervisor, Turner. Instead of finding a private place to talk, Turner spoke to the plaintiff at a counter in the laboratory, with male coworkers walking nearby. The plaintiff told Turner about the incidents regarding at least four of her male coworkers' inappropriate comments and touching, including reporting that one of the people involved was a supervisor. The plaintiff stated that she could not take any more conduct of this sort. The plaintiff further stated that this conduct amounted to sexual harassment, and that the plaintiff thought that all of the employees of the defendant should receive sexual harassment training.

22.     The plaintiff was laid off on or about July 7, 2008, less than two weeks after she complained about harassment.  On that day, Turner called the plaintiff to Sollima's office.  Sollima told the plaintiff that she was being terminated because a regulatory problem had resulted in a 20% loss of business.  He stated several times to the plaintiff, "I want you to know that it's not because of anything you did" and that it was not because of the plaintiff's performance.  The plaintiff was then escorted out of the building.

23.     The plaintiff was the only employee laid off because of the supposed loss of business.

24.     After the plaintiff was discharged, at least one other employee who had not complained about sexual harassment, was assigned to the plaintiff's former job.

25.     Following the plaintiff's termination, the defendant placed advertisements in the Norwich Bulletin seeking to hire new employees.

26.     In a newsletter published on July 31, 2008, the defendant reported that it had increased its sales during 2008, despite the regulatory problems.

**COUNT ONE:    EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII**

1.      The plaintiff repeats, realleges, and incorporates by reference paragraphs 1-26 above.

27.     By the acts and conduct described above, the defendant unlawfully discriminated against the plaintiff because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000-e, *et seq.*, and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-60, *et seq.*

28. By the above-described acts and conduct, the defendant was engaged in discriminatory practices with malice or with reckless indifference to the plaintiff's federally protected rights.

29. As a result of the defendant's unlawful conduct, the plaintiff has suffered, and continues to suffer, a loss of wages and benefits of employment, and has experienced anxiety, embarrassment, pain, suffering and emotional distress.

## COUNT TWO:     EMPLOYMENT DISCRIMINATION IN VIOLATION OF CFEPA

1. The plaintiff repeats, realleges, and incorporates by reference paragraphs 1-29 above.

30. By the acts and conduct described above, the defendant unlawfully discriminated against the plaintiff because of her sex in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-60(a)(1).

31. By the acts and conduct described above, the defendant has engaged in discriminatory practices with malice or with reckless indifference to the plaintiff's rights under state law.

32. As a result of the defendant's unlawful conduct, the plaintiff has suffered, and continues to suffer, a loss of wages and benefits of employment, and has experienced anxiety, embarrassment, pain, suffering and emotional distress.

## COUNT THREE: <u>RETALIATION IN VIOLATION OF TITLE VII</u>

1. The plaintiff repeats, realleges, and incorporates by reference paragraphs 1-32 above.

33. By the acts and conduct described above, the defendant unlawfully retaliated against the plaintiff because of her complaints regarding her treatment on the basis of her gender, in violation of Title VII, 42 U.S.C. §2000e-3(a).

34. By the above-described acts and conduct, the defendant was engaged in discriminatory practices with malice or with reckless indifference to the plaintiff's federally protected rights.

35. As a result of the defendant's unlawful conduct, the plaintiff has suffered, and continues to suffer, a loss of wages and benefits of employment, and has experienced anxiety, embarrassment, pain, suffering and emotional distress.

## COUNT FOUR: <u>RETALIATION IN VIOLATION OF CFEPA</u>

1. The plaintiff repeats, realleges, and incorporates by reference paragraphs 1-35 above.

36. By the acts and conduct described above, the defendant unlawfully retaliated against the plaintiff because of her complaints regarding her treatment on the basis of her gender, in violation of CFEPA, Conn. Gen. Stat. §46a-60(a)(4).

37. By the above-described acts and conduct, the defendant was engaged in discriminatory practices with malice or with reckless indifference to the plaintiff's federally protected rights.

38. As a result of the defendant's unlawful conduct, the plaintiff has suffered, and continues to suffer, a loss of wages and benefits of employment, and has experienced anxiety, embarrassment, pain, suffering and emotional distress.

## **DEMAND FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully requests that this Court grant her the following relief:

1. Order the defendant to immediately reinstate the plaintiff to her former position, or to an equivalent position, with salary and benefits determined by the position she would have reached absent the defendant's unlawful conduct;

2. Award the plaintiff lost wages and lost benefits of employment;

3. Award the plaintiff compensatory damages;

4. Award the plaintiff punitive damages;

5. Award the plaintiff reasonable attorneys' fees and costs; and

6. Award such further and additional relief as may be just and proper.

## DEMAND FOR JURY TRIAL

The plaintiff hereby demands a trial by jury as to all claims to which she is entitled as a matter of law.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF

By: _____
Thomas W. Meiklejohn ct08755
Elizabeth A. Conklin ct27663
Livingston, Adler, Pulda, Meiklejohn
  & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
(860) 233-9821